In re Bernard S. SHUB d/b/a Hamlet Coach Park, Selma J. Shub, Debtors.

Bernard S. SHUB, Selma J. Shub, Plaintiffs,

v.

CITY OF WESTBROOK, MAINE, Union Mutual Life Insurance Company, Casco Bank and Trust Company, Roger P. Hale, General Electric Credit Corporation, M. S. Hancock Lumber of Gray, Hilda Dienes, Dayton Sand and Gravel Company, Internal Revenue Service of the United States of America, State of Maine Manpower Affairs, State of Maine Bureau of Taxation, Defendants and Parties in Interest.

Bankruptcy No. 281–00269.
Adv. No. 281–0139.

United States Bankruptcy Court, D. Maine.

March 30, 1982.

---

Gerald S. Cope, Cope, Cope & Carlisle, Portland, Me., for plaintiffs.

James Gagan, Westbrook, Me., for City of Westbrook.

Gregory Tselikis, Portland, Me., for Union Mutual.

P. Benjamin Zuckerman, Verrill & Dana, Portland, Me., for Casco Bank and Trust.

George Burns, Amerling & Burns, Portland, Me., for Roger P. Hale.

Matthew S. Goldfarb, Portland, Me., for General Elec. Credit.

Kenneth Cole, III, Jensen, Baird, Gardner, Portland, Me., for M. S. Hancock.

Hilda Dienes, pro se.

Barry Zimmerman, Kelly, Remmel & Zimmerman, Portland, Me., for Dayton Sand and Gravel.

Richard S. Cohen, U. S. Atty., Portland, Me., for Internal Revenue.

James E. Tierney, Atty. Gen., Augusta, Me., for State of Me., Manpower Affairs, State of Me., Bureau of Taxation.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

This proceeding commenced with the complaint of the Chapter 11 debtor, filed July 31, 1981, seeking to sell Hamlet Coach Park[1] free and clear of liens and encumbrances with valid liens and encumbrances to attach to the proceeds of said sale. Due to serious disputes between the various lien creditors and the inability of the debtor or others to find a purchaser for the property at a price that would satisfy secured claims, the proceeding has remained on the adversary docket since that time.

On February 11, 1982, Defendant Union Mutual Life Insurance Company filed a motion with this court to set aside a certain portion of the property to it free and clear of liens and to determine the amount of a bond needed to secure liens asserting priority over the lien of Union Mutual.

A hearing was had on said motion March 22, 1982. The motion was aggressively contested by the debtors, the City of Westbrook, Casco Bank and Trust Company, the Creditors' Committee and Roger Hale, a creditor holding an alleged mechanics' lien in excess of $200,000.[2]

The main thrust of the objection to Union Mutual's motion is that Union Mutual seeks clear title to Phase I of the park, which is the section of the park most nearly completed and that portion of the park with the greatest value, leaving for the estate and other creditors the uncompleted portion, which is of very limited value. The objecting parties also point out that Union Mutual has negotiated a private sale of Phase I to a third party at a price substantially lower than the price at which the park had been offered to others. Now that other prospective purchasers realize that the property may be obtained for substantially less than the price originally demanded there may be additional prospective buyers or investors for the entire parcel.

Counsel for the City of Westbrook pointed out that when Hamlet Coach Park was approved by the Westbrook Municipal Officers it was contemplated that the park

---

1. Hamlet Coach Park is a substantial mobile home park situated in Westbrook, Maine.

2. Hale also claims some additional interest in the park by virtue of his agreement with the debtor.

would consist of one entire integrated unit and that the municipal officers did not intend that the park would be split into a Phase I and a Phase II. It was also pointed out that other secured creditors, in particular mechanic lien creditors, assert a lien on the entire parcel and not just Phase I or II. Furthermore, certain common areas and facilities are intended for use by tenants of the entire park.

In the face of these objections and in view of the present posture of the case, the court concludes that it would be an error to vest clear title to Phase I in Union Mutual at this time and in this summary manner.[3]

The court is not ruling on the merits of Union Mutual's position. The court simply feels that an action with such possible adverse impact upon the estate, other creditors, the City of Westbrook and tenants in the park would not be proper, without an opportunity for other creditors, the debtor, the public and other prospective purchasers or investors, to investigate and act upon alternative plans.

An appropriate order will be entered.

---

3. It should be observed that Union Mutual seeks, by its motion, immediate clear title to Phase I, with no redemption period or further notice to the public, creditors or anyone.